

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
~~JOHN DEE DENNISON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Railroad Commission of Texas
Austin, Texas

Attention: Walton D. Hood

Dear Sir:

Opinion No. O-1401
Re: Application of Motor Carrier Law to operation of truck for purpose of transporting oil and gasoline under the provisions of a lease contract executed between J. Lawton Thomas and Lewis Oil Company.

We acknowledge receipt of your letter of September 8, 1939, in which you request the opinion of this department on the following statement of facts, which we quote from your letter:

"I hand you herewith Lease Contract executed by and between J. Lawton Thomas, first party and Lewis Oil Company, second party, for the purpose of transporting oil and gasoline.

"It will be noted in paragraph 3 of this contract that first party is to receive ½ cent per gallon for each fifty miles hauled.

"Paragraph 4 stipulates first party shall furnish all gasoline, oil and grease used in the operation of said truck.

"Paragraph 5 states that first party shall keep truck in good running order at his own expense, etc.

"Paragraph 6 attempts to place all liability for accidents and damages incurred on first party, etc.

"We consider this nothing more than a contract to haul for hire in view of the foregoing, especially paragraph 3, which sets forth the proposed compensation.

"Will you please give us an opinion regarding this contract, and whether or not you consider this a violation of the Motor Carrier Law?"

The Motor Carrier Law is codified in Vernon's Annotated Civil Statutes of Texas as Article 911b. Section 2 of Article 911b prohibits the operation of a motor carrier, as defined in

Section 1, for the purpose of transportation of property for compensation or hire over any public highway in the State, except in accordance with the provisions of Article 911b, and provides certain exceptions not pertinent here. Section 3 of the Act provides that no motor carrier shall operate as a common carrier without first having obtained from the Railroad Commission a certificate of public convenience and necessity, and provides that no motor carrier shall operate as a contract carrier without first having obtained from the Commission a permit to do so, after having complied with all of the requirements of Article 911b.

A situation analogous to the one at hand was presented in the case of Anderson, Clayton and Co., et al vs. State, ex rel Allred, Attorney General, et al, 82 S.W. (2d) 941. In this case, Anderson, Clayton and Company entered into a lease contract for the purpose of hiring trucks to haul property from various points in the State of Texas to the City of Houston and other ports, and agreed to pay a rental of $25.00 per week, plus a sum equal to a specified rate per ton mile for all property hauled in the leased trucks. No property was hauled in the trucks except that belonging to Anderson, Clayton and Company. The Commission of Appeals held that whether the lessors of the trucks and the lessees, Anderson, Clayton and Company, were "motor carriers" and as such required to obtain a permit to do business was an issue of fact to be presented to and passed upon by a jury, and in so holding made the following statement:

"... The question as to whether or not any of the plaintiffs in error are really motor carriers as defined by the statutes was for the jury to determine from all the facts and circumstances in evidence. ..."

In the case of New Way Lumber Co., et al vs. Smith, et al, 96 S.W. (2d) 282, the Supreme Court of Texas made the following statement:

"Since the company receives compensation for the delivery of lumber, it clearly appears that the trucks used come under the definition of a 'contract carrier' and are subject to the provisions of Article 911b."

In this case, the trucks were owned and used by the lumber company in transporting lumber over non-urban state highways for which the company made a delivery charge, such charge being based on the weight of the truck and the distance which it had traveled; and under these circumstances the Supreme Court held that the lumber company's trucks were contract carriers subject to the statute requiring operators to obtain permits from the State Railroad Commission. It will be noted, however, that the turning point

of this case was the fact that the lumber company did make a charge for the delivery of the material transported, and that the case in no way conflicts with the holding of the Commission of Appeals in the case of Anderson, Clayton and Company vs. State, supra.

It is the opinion of this department that the question of whether or not the operation of a truck under the lease contract submitted to us is in violation of the provisions of Article 911b, above referred to, is an issue of fact which must be passed upon by a jury. We do not intend, by this opinion, to indicate that such operation of trucks is not in violation of the law, nor that it should be condoned, but rather that this Department has no authority to render any decision which invades the office and province of a jury.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ross Carlton
Ross Carlton, Assistant

APPROVED: OCT 20, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN

RC:GO:wb